IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOY YOUNG, | * | |
| Plaintiff, | * | |
|  | * | Civ. No. MJM-25-227 |
| v. | * | |
| ANNA GAVIN, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

Self-represented plaintiff Joy Young ("Plaintiff") filed a Complaint against defendants Fireline Corporation ("Fireline"), Anna Gavin, and Gary Cox ("Defendants") alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. Defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), asserting insufficient process and insufficient service of process. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, Defendants' Motion to Dismiss is denied without prejudice.

I.   BACKGROUND

On January 24, 2025, Young filed a Complaint alleging that during her employment with Fireline from September to December 2023, she was subjected to disparate treatment, discipline, and ultimately termination based on her race, sex, and disability, and in retaliation for protected activity. ECF No. 1. Plaintiff contends that her termination occurred under circumstances

1

suggesting discriminatory and retaliatory motives and seeks damages in the amount of $175,000 for lost wages and career opportunities. *Id.*

On or around March 10, 2025, Plaintiff sent each Defendant, via certified mail to Fireline's business address, a copy of the summons for this case. ECF Nos. 6-2 to 6-4. Each mailing was addressed individually to Fireline, Ms. Gavin, and Mr. Cox. *Id.* However, affidavits submitted by Defendants indicate that these mailings did not contain copies of the Complaint, were not marked "restricted delivery," and were not signed for by any named Defendant or authorized agent. ECF Nos. 6-5 and 6-6. On or about March 26, 2025, Plaintiff sent additional mailings to Fireline and Gary Cox via UPS. These deliveries also lacked copies of the Complaint and were again signed for by a third party, Randall Spiller, a warehouse associate employed by Fireline. ECF No. 6-6. Ms. Gavin did not receive a second mailing. ECF No. 6-1 at 2. Neither Ms. Gavin nor Mr. Cox was personally served, nor is there any evidence that an officer or registered agent received service on behalf of Fireline.

Defendants subsequently moved to dismiss the Complaint on March 27, 2025, pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), arguing that Plaintiff had failed to properly serve process. ECF No. 6. Defendants maintain that none of them has ever been served with the Complaint and that Plaintiff's methods failed to satisfy either the federal or Maryland rules governing service of process. Plaintiff contends that she satisfied her service obligations by sending the summons to Defendants' business address and ensuring that someone affiliated with Fireline signed for the deliveries. ECF No. 12. She argues that the use of UPS with signature confirmation should suffice under Maryland Rule 2-121. *Id.* However, she does not address the absence of the Complaint from the mailings or the failure to request restricted delivery, nor does

2

she establish that the signatories were authorized to accept service on behalf of the individual Defendants or the corporation.

## II.   DISCUSSION

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) authorize dismissal of a case for insufficient process and service of process. A plaintiff bears the burden to demonstrate that service was adequate. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (citing *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).

Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint." The record here reflects that Plaintiff mailed the summons to each Defendant but failed to include the Complaint in any of the packages. Plaintiff does not dispute this omission. This alone renders the process insufficient under Rule 4(c)(1).

With respect to service, Rule 4(e) governs service on individuals and permits service by (1) personal delivery; (2) leaving the documents with a person of suitable age and discretion at the individual's dwelling; or (3) following the law of the state in which service is made. Fed. R. Civ. P. 4(e). For corporations, Rule 4(h) requires delivery to an officer, managing agent, or other agent authorized to receive service. Fed. R. Civ. P. 4(h)(1)(B). Maryland law, in turn, permits service by certified mail with "restricted delivery—show to whom, date, address of delivery." Md. R. 2-121(a)(3). Here, the deliveries were made by UPS rather than certified mail, and Plaintiff has not shown that restricted delivery was requested or that any Defendant signed for the packages. A warehouse employee signed for the deliveries, and Defendants submitted affidavits confirming that they did not receive the Complaint and were not personally served.

Plaintiff's process and service of process were both insufficient. "[W]here the defendant has actual notice of the action, 'every technical violation of the rule or failure of strict compliance

may not invalidate the service of process.'" *Rivera v. Jefferson*, Civ. No. RDB-19-3347, 2020 WL 5849483, at *2 (D. Md. Oct. 1, 2020) (quoting *Armco, Inc. v. Penrod-Stauffer Bldg Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). However, none of the Defendants here were served the appropriate documents, namely the Complaint putting them on notice of the allegations against them, nor was service compliant with the federal or state rules governing service. "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306–07 (4th Cir. 1998).

Nevertheless, even where service is defective, the Court retains discretion under Rule 4(m) to extend the time for service rather than dismiss the case outright. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022). Dismissal is not required where "there exists a reasonable prospect that service may yet be obtained." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). This is particularly true in cases involving pro se litigants who have made good-faith efforts to comply with procedural rules. *Colahar v. Lazarte*, No. TDC-23-0024, 2024 WL 1704773, at *2–3 (D. Md. Apr. 19, 2024) (quashing improper service and granting pro se plaintiff 21 days to serve the defendant properly).

Plaintiff's efforts, though procedurally deficient, appear to have been made in earnest. She initiated timely service attempts by mail and later attempted to cure service issues by sending additional packages. While those attempts fell short of legal sufficiency, there is no indication of bad faith. Plaintiff's pro se status further leans towards leniency in allowing a final opportunity to effect proper service.

Accordingly, while the Court finds that process and service were defective, it exercises its discretion to quash the service rather than dismiss the Complaint. Plaintiff will be given 21 days to serve each Defendant in full compliance with Rule 4. Failure to do so may result in dismissal without further notice.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motion to Dismiss (ECF No. 6) is DENIED without prejudice;

2. The service of process is QUASHED;

3. The Clerk is DIRECTED to issue new signed and sealed summonses to Plaintiff for each Defendant;

4. Plaintiff shall serve her pleadings on Defendants in accordance with Federal Rule of Civil Procedure 4 no later than 21 days after the Clerk issues new summonses; and

5. Plaintiff shall promptly file a certificate of service confirming that she served each Defendant a copy of her Complaint and stating the method of service.

 

 1/26/26                                        /S/                              
Date                                        Matthew J. Maddox
                                            United States District Judge