**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JOY YOUNG,** | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-25-227** |
| **v.** | * | |
| **ANNA GAVIN, et al.,** | * | |
| **Defendants.** | * | |

* * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Self-represented plaintiff Joy Young ("Plaintiff") filed a Complaint against defendants Fireline Corporation ("Fireline"), Anna Gavin, and Gary Cox (collectively, "Defendants") alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 ("ADA"). ECF No. 1. Pending before the Court are two motions to dismiss filed by Defendants,[1] ECF Nos. 17 and 25, and Plaintiff's motion for leave to file an amended complaint, ECF No. 28. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). Defendants' second motion to dismiss is denied as moot. And for reasons explained below, Defendants' third motion to dismiss is granted, and Plaintiff's motion to amend is denied.

## I. BACKGROUND

On January 24, 2025, Plaintiff filed a Complaint alleging that during her employment with Fireline, from September to December 2023, she was subjected to disparate treatment, discipline,

[1] The Court previously denied Defendants' first motion to dismiss, ECF No. 6, without prejudice to renewal. *See* ECF No. 15.

and ultimately termination based on her race, sex, and disability, and in retaliation for protected activity. ECF No. 1. Plaintiff contends that her termination occurred under circumstances suggesting discriminatory and retaliatory motives and seeks damages in the amount of $175,000 for lost wages and career opportunities. *Id.*

Plaintiff sent a summons for this case to each Defendant via certified mail to Fireline's business address. ECF Nos. 6-2 through 6-4. Each mailing was addressed individually to Fireline, Gavin, and Cox. *Id.* According to affidavits submitted by Defendants, these summonses were mailed on or around March 10, 2025. ECF Nos. 6-5 and 6-6. However, these affidavits also indicate that the mailings did not include copies of the Complaint, were not marked "restricted delivery," and were not signed for by any named Defendant or authorized agent. *Id.* On or about March 26, 2025, Plaintiff sent additional mailings to Fireline and Cox via UPS. *Id.* These deliveries also lacked copies of the Complaint and, again, were not signed for by any authorized individual. *Id.* Gavin did not receive a second mailing. ECF No. 6-1 at 2. Neither Gavin nor Cox was personally served, nor is there any evidence that an officer or registered agent received service on behalf of Fireline.

On January 27, 2026, the Court issued a Memorandum Order denying Defendants' Motion to Dismiss. ECF No. 15. Although the Court found that "[p]laintiff's process and service of process were both insufficient[,]" the Court exercised its discretion under Rule 4(m) to extend the time for Plaintiff to effectuate proper service. *Id*. at 3-4. Plaintiff was given 21 days to serve each Defendant in full compliance with Rule 4, and the Court noted that "[f]ailure to do so may result in dismissal without further notice." *Id.* at 4. In accordance with the Court's Memorandum Order, new summons were issued as to each Defendant. ECF No. 16.

On February 24, 2026, Defendants filed a motion to dismiss, again, for insufficient process. ECF No. 17. The next day, Plaintiff filed a letter with the Court requesting additional time to serve Defendants. ECF No. 19. The Court granted Plaintiff a "final opportunity to effect proper service of process upon the defendants," and ordered Plaintiff to serve summons and a copy of her Complaint on each Defendant no later than March 31, 2026. ECF No. 23. The Court also directed Plaintiff to file no later than April 7, 2026, a certificate of service confirming that she served each Defendant process and stating the method of service. *Id.*

The docket reflects that a process server served Fireline on Plaintiff's behalf on March 30, 2026, via the Maryland State Department of Assessments and Taxation ("SDAT"). ECF No. 24. Plaintiff did not file an accompanying certificate of service.

On April 13, 2026, Defendants filed a renewed motion to dismiss, arguing that Plaintiff failed to effectuate proper service on Gavin or Fireline. *See* ECF No. 25-1 at 5. Defendants also argued that Plaintiff's Complaint failed to state a claim upon which relief can be granted. *Id.* at 7. On May 4, 2026, Plaintiff filed an opposition to Defendants' motion. ECF No. 27. Attached to the motion as Exhibit A is an email that indicates a process server served Cox on March 9, 2026. *See* ECF No. 27-2. Plaintiff also filed a motion for leave to file an amended complaint. ECF No. 28. On May 18, Defendants filed an opposition to Plaintiff's motion to amend, ECF No. 29, and a reply in support of their motion to dismiss, ECF No. 30.

## II. DISCUSSION

### A. Service of Process

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) authorize dismissal of a case for insufficient process and service of process. A plaintiff bears the burden to demonstrate that service

was adequate. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (citing *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).

Rule 4(e) governs service on individuals and permits service by (1) personal delivery, (2) leaving the documents with a person of suitable age and discretion at the individual's dwelling, or (3) following the law of the state in which service is made. Fed. R. Civ. P. 4(e). For corporations, Rule 4(h) requires delivery to an officer, managing agent, or other agent authorized to receive service, or a method of service authorized by state law. Fed. R. Civ. P. 4(h)(1). Maryland law, in turn, permits service by certified mail with "restricted delivery—show to whom, date, address of delivery." Md. Rule. 2-121(a)(3).

Plaintiff has failed to effectuate proper service on Gavin. Plaintiff avers that after failing to personally serve Gavin, she "relied upon Maryland SDAT records, which identified Ms. Gavin as the Resident Agent, and effectuated service accordingly." ECF 27 at 2. To the extent Plaintiff claims she served Gavin through SDAT, that service method is improper. Maryland Rule 2-124(o) provides that, in limited circumstances, "[s]ervice may be made upon a corporation, limited partnership, limited liability partnership, limited liability company, or other entity required by statute of this State . . . upon [SDAT.]" Gavin is an individual, not a corporation or other commercial entity. Accordingly, Md. Rule 2-124(o) is inapplicable, and Gavin will be dismissed from this case under Federal Rule of Civil Procedure 12(b)(5).

Plaintiff also failed to effectuate proper service on Fireline. Plaintiff attempted to serve Fireline via SDAT on March 30, 2026. *See* ECF No. 24. But publicly available records indicate that, as of August 1, 2025—before Plaintiff's service attempt—Fireline merged with Encore Holdings, LLC ("Encore"), with the latter being the surviving entity. *See* ECF No. 22-1. Plaintiff had notice of this merger on March 16, 2026, when Defendants served and filed a reply in support

of their first motion to dismiss stating that Fireline merged with Encore and that Encore was the surviving entity, ECF No. 22 at 3, and attaching proof of the merger, ECF No. 22-1. Defendants further stated in their reply, "It was incumbent upon Plaintiff . . . to identify and serve the appropriate Resident Agent of the appropriate entity. In short, Plaintiff was required to serve the appropriate person on behalf of Encore Holdings, LLC, the subsequent surviving entity for Fireline." ECF No. 22 at 3-4. Indeed, when there is a consolidation or merger under Maryland law, "the separate existence of each party to the merger, except the successor, ceases." Md. Code Ann., Corps. & Ass'ns § 3-114(a); *see also Carroll Indep. Fuel, LLC v. Comptroller of Maryland*, No. 792, Sept. term, 2018, 2019 WL 4391236, at *4 (Md. App. Ct. Sept. 13, 2019). At common law, a corporation that ceased to exist generally was not amenable to service of process. *See Thomas v. Rowhouses, Inc.*, 47 A.3d 625, 628-631 (Md. App. Ct. 2012). *Thomas* recognized service on SDAT may be appropriate where a technically defunct corporation remains in the process of winding up its activity and has no resident agent. *Id.* at 631-33. That exception does not apply here. There is no evidence that Fireline was winding up when Plaintiff attempted to serve it, and Encore—the surviving entity—has been in good standing in Maryland and maintained a registered resident agent. *See* ECF No. 25-2. Plaintiff was required to serve the surviving entity through its registered agent, and she has not done so.

Nor was substitute service on Fireline through SDAT available under Maryland Rule 2-124(o). That rule permits such service only where "(i) the entity has no Resident Agent; (ii) the Resident Agent is dead or is no longer at the address for service of process maintained by the State Department of Assessments and Taxation; or (iii) two good faith attempts on separate days to serve the Resident Agent has failed." Md. Rule 2-124(o). None of those circumstances is present here.

Because Fireline had already merged with Encore[2] before Plaintiff attempted service on March 30, 2026, and Plaintiff did not serve Encore or its registered agent, Plaintiff failed to effectuate proper service on Fireline.

In sum, Plaintiff has failed to serve process on Gavin and Fireline as required by Federal Rule of Civil Procedure 4.[3] Accordingly, claims against those defendants are dismissed.

**B. Motion to Dismiss for Failure to State a Claim**

Even if Plaintiff properly served each Defendant, her Complaint would be subject to dismissal because fails to state a plausible claim for relief under the ADA or Title VII.

**1. Standard of Review**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure constitutes an assertion that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

[2] And, again, Plaintiff was on notice of this merger and the proper way to serve Fireline at the time. *See* ECF No. 22 at 3-4; ECF No. 22-1.

[3] Although Fireline has merged with Encore, and Encore is the surviving entity, this civil action may remain in the name of the original party, Fireline. *See* Fed. R. Civ. Proc. 25(c) ("If an interest is transferred, the action may be continued by or against the original party[.]").

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim need not include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555-56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*). Although the Court is generally limited to the facts as alleged in the complaint in deciding a Rule 12(b)(6) motion, the court may consider "documents that are explicitly incorporated into the complaint by reference," and "those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) and Fed. R. Civ. P. 10(c)).

When considering a Rule 12(b)(6) motion, a court must take the factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating

the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert denied*, 566 U.S. 937 (2012).

"[*P*]*ro se* filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (second alteration in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe *pro se* pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). "[L]iberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a *pro se* complaint "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).

**2. Analysis**

Plaintiff's Complaint fails to state any plausible claim for relief under the ADA or Title VII.

The ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability[,]" 42 U.S.C. § 12112(a), and retaliating "against any individual because [they] opposed any act or practice" prohibited by the ADA "or participated . . . in an investigation, proceeding, or hearing" brought under the ADA, *id.* § 12203(a). "Generally, to plead a claim of

disability discrimination, a plaintiff must allege facts demonstrating that (1) the plaintiff has a disability; (2) the plaintiff was a qualified individual for the position; and (3) the employer took an adverse employment action, such as discharging the plaintiff, because of the disability." *Gagnon v. Bd. of Educ. of Montgomery Cnty.*, 760 F. Supp. 3d 359, 370 (D. Md. 2024) (citing *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015)). The ADA defines "disability" as:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(1). A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111. Ultimately, "[t]he determination of whether a person is disabled is an individualized inquiry, particular to the facts of each case." *EEOC v. Sara Lee Corp.*, 237 F.3d 349, 352 (4th Cir. 2001) (citations omitted).

Here, Plaintiff's ADA discrimination claim falters at each step. The Complaint alleges as follows:

> I made known my disability to HR and later to my manager. I was provided feedback by my manager from other employees for actions related to my disability. I was written up because of false statements that I refuted and placed on disciplinary action [and] terminated after bringing up other people that committed the same infractions.

ECF No. 1 at 6. She also alleges that she was "written up and retaliated against because of a known disability[.]" *Id.* at 5. The Complaint does not include sufficient facts to support a plausible disability discrimination claim. To begin, the Complaint does not include enough facts to support a reasonable inference that Plaintiff has a disability. Plaintiff's conclusory claim that she has a

disability does not suffice. *See Sara Lee*, 237 F.3d at 352 (citations omitted) ("The determination of whether a person is disabled is an individualized inquiry, particular to the facts of each case."); *Doe v. Johns Hopkins Univ. Applied Physics Lab'y*, Civ. No. MJM-25-861, 2026 WL 860587, at *13 (D. Md. Mar. 30, 2026) ("Because the Complaint fails to allege facts to support Plaintiff's claim that she had a disability under the ADA's definition, her ADA claims must be dismissed."). Plaintiff also does not allege facts to support a reasonable inference that she was a qualified individual for the job in question—or even what the job is. 42 U.S.C. § 12112(a). *See Munoz v. Balt. Cnty.*, Civ. No. RDB-11-02693, 2012 WL 3038602, at *8 (D. Md. July 25, 2012) (quoting *Iqbal*, 556 U.S. at 678) ("As '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to plead a claim, . . . Plaintiff's bare assertions that he 'can perform all of the essential functions' and is a 'qualified individual' fail to state a claim that he is qualified."). Although *pro se* complaints are construed liberally, the Court cannot supply facts that Plaintiff has not provided or assume the truth of her unsupported legal conclusions. *See Wood v. United States*, Civ. No. EA-25-1104, 2026 WL 308814, at *6 n.8 (D. Md. Feb. 5, 2026). Plaintiff's allegations are too conclusory to state a plausible ADA discrimination claim.

Plaintiff's Title VII allegations are even thinner. Title VII prohibits an employer from discriminating against an individual with respect to employment based upon the individual's race, color, religion, sex, or national origin, and from retaliating against an individual for engaging in activity protected by Title VII. *See* 42 U.S.C. § 2000e-2(a)(1) (anti-discrimination provision); *id.* § 2000e-3(a) (anti-retaliation provision). A plaintiff asserting a Title VII discrimination claim must allege facts to support a reasonable inference that the employer took an adverse action against the plaintiff "under circumstances which give rise to an inference of unlawful discrimination." *Tex.*

*Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *see also McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015); *Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017). Plaintiff fails to do so here. The Complaint alleges in conclusory fashion that she was subject to "unfair discipline" and "different treatment" than her white and male co-workers. *See* ECF No. 1 at 6. That is the extent of her allegations.

Plaintiff does not identify or describe any similarly situated employee outside Plaintiff's protected classes, describe any such comparator's position or responsibilities, or allege facts to show that any such comparator was treated more favorably under comparable circumstances. A plaintiff is "not required as a matter of law to point to a similarly situated comparator to succeed on a discrimination claim." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010) (citing *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003)). But "[w]here a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination, . . . '[t]he similarity between comparators . . . must be clearly established in order to be meaningful.'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017), *as amended* (Aug. 11, 2017) (quoting *Lightner v. City of Wilmington, N.C.*, 545 F.3d 260, 265 (4th Cir. 2008)). Thus, to survive a motion to dismiss, a plaintiff must "establish a plausible basis for believing [comparators] were actually similarly situated." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). The "[c]omparators need not be identical, [but] they must be similar in all relevant aspects, including conduct, performance, and qualifications." *Walker v. Maryland Dep't of Info. & Tech.*, Civ. No. CCB-20-219, 2020 WL 6393435, at *4 (D. Md. Nov. 2, 2020). Here, Plaintiff does not allege facts about the white and male co-workers referenced in her Complaint, how they were treated differently than Plaintiff, and the relevant circumstances necessary to

support a reasonable inference that any disparate treatment occurred at all, much less that it was based on Plaintiff's race or sex. *See Booth v. Leggett*, 186 F. Supp. 3d 479, 486 (D. Md. 2016) (dismissing discrimination claims where the plaintiff failed to allege facts identifying similarly situated employees outside the protected class who were treated more favorably).

Nor does Plaintiff allege any race- or sex-based comments, policies, or conduct at the workplace from which discriminatory intent could be reasonably inferred. Plaintiff's conclusory allegations are insufficient. Because the Complaint does not plead facts giving rise to a plausible inference of race- or sex-based disparate treatment, Plaintiff fails state a plausible discrimination claim under Title VII.

Plaintiff also fails to state any plausible retaliation claim under either the ADA or Title VII. To state a prima facie claim of retaliation, a plaintiff must establish "(1) that she engaged in a protected activity, (2) that her employer took an adverse action against her, and (3) that there was a causal link between the two events." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 212 (4th Cir. 2022) (citation omitted) (Title VII); *see also Laird v. Fairfax Cnty.*, 978 F.3d 887, 893 n.4 (4th Cir. 2020) (citation omitted) (ADA). Here, Plaintiff does not allege that she engaged in any ADA- or Title-VII protected activity, nor does she allege facts to support a reasonable inference of a causal connection between any adverse action she suffered and prior protected activity she engaged in.

### C. Plaintiff's Motion for Leave to Amend

Plaintiff's motion for leave to amend her Complaint is denied because it is clear from the face of the proposed amendment that it is insufficient to state any plausible claim for relief and it is therefore futile.

#### 1. Standard of Review

Amendment of pleadings in federal court is governed by Rule 15 of the Federal Rules of Civil Procedure. The Fourth Circuit has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted). Leave to amend may be denied as futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citations omitted). "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

**2. Analysis**

Although Plaintiff's proposed Amended Complaint is an improvement over the Complaint on file, it still clearly lacks sufficient factual allegations to state a plausible claim for her relief and therefore would not survive a motion to dismiss. The proposed Amended Complaint removes the Title VII claim and clarifies that Plaintiff is alleging three counts under the ADA: discrimination, failure to accommodate, and retaliation. *See* ECF No. 28-1 ("Proposed Am. Compl.") at 3. The proposed Amended Complaint also adds a few more details. Plaintiff alleges that, following disclosure of her disability to her supervisor Gary Cox, she and HR discussed her disability and related needs. *See* Proposed Am. Compl. at 2. After that, Plaintiff alleges that she was "subjected to increased scrutiny and adverse treatment," including "receiving a written warning based on allegations that she disputed as false or inaccurate." *Id.* Plaintiff also alleges that she raised concerns that other employees did not receive similar treatment and that, despite her conversations with HR, she did not receive an accommodation. *Id.* Finally, she alleges that the timing of

Plaintiff's termination gives rise to an inference that "Defendants' actions were motivated, at least in part, by Plaintiff's disability and related protected activity." *Id.*

For reasons similar to those explained in Part II.B *supra*, Plaintiff's proposed Amended Complaint clearly fails to state any plausible claim for discrimination or failure to accommodate under the ADA. As noted *supra*, the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Additionally, the statute requires employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]" *Id.* § 12112(b)(5)(A). Claims under the ADA for unlawful discrimination and failure to accommodate each require a plaintiff to establish that she is a "qualified individual." *Id.* §§ 12112(a), 12112(b)(5)(A). As noted *supra*, a "qualified individual" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Id.* § 12111(8). So, to establish that she is a "qualified individual," a plaintiff asserting a claim for discriminatory termination under the ADA must plead that "(a) [she] was disabled when discharged and (b) [she] was qualified to perform the essential functions of [her] position." *Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 622 (D. Md. 2014) (citations omitted). And "[t]o state a claim for failure to accommodate under the ADA," a plaintiff "must allege '(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations."

*Wilson v. City of Gaithersburg*, 121 F. Supp. 3d 478, 484 (D. Md. 2015) (quoting *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001)).

Plaintiff's proposed Amended Complaint does not include factual allegations regarding "the essential functions" of the position in question or whether and how she could perform those essential functions such that she was "qualified" for the position, "with or without reasonable accommodation[.]" 42 U.S.C. § 12111(8). Such allegations are necessary to state plausible ADA claims. The conclusory allegation that "Plaintiff was qualified to perform the essential functions of her position[,]" Proposed Am. Compl. ¶ 24, without factual support is insufficient to meet the plausibility standard. *See Balthrop v. Montgomery Cnty., Md.*, Civ. No. GLS-21-1107, 2022 WL 3867939, at *8 (D. Md. Aug. 30, 2022) ("For a plaintiff to plausibly allege that he could perform the essential functions of a position, courts in this District have also held that a plaintiff must give a description of the kind of work she or he would perform.") (citations omitted); *Nelson v. Emergent BioSolutions Inc.*, Civ. No. DLB-20-3541, 2022 WL 991395, at *8 (D. Md. Mar. 31, 2022) (dismissing failure-to-accommodate claim where plaintiff failed to "identify the position she held, her job responsibilities, or her ability to perform the essential functions of her position with or without a reasonable accommodation"); *Rubino*, 44 F. Supp. 3d at 622 (finding claims for discrimination and failure to accommodate under the ADA subject to dismissal where plaintiff failed to allege facts showing that he was a qualified individual with a disability); *Munoz*, 2012 WL 3038602, at *8 ("Plaintiff's bare assertions that he 'can perform all of the essential functions' and is a 'qualified individual' fail to state a claim that he is qualified."). Plaintiff's proposed failure-to-accommodate claim is also clearly insufficient because she fails to identify what accommodations she requested and to present facts to support a reasonable inference that she could perform the essential functions of the position if granted the requested accommodations.

Therefore, the Court finds the disability discrimination and failure-to-accommodate claims asserted in the proposed Amended Complaint to be futile.[4]

Plaintiff's proposed disability discrimination claim is insufficient for other reasons, as well. In addition to alleging that she is "a qualified individual with a disability" and "was discharged[,]" Plaintiff must allege facts to support a reasonable inference that "[she] was fulfilling his employer's legitimate expectations at the time of discharge" and that "the circumstances of his discharge raise a reasonable inference of unlawful discrimination." *Kelly v. Town of Abingdon, Va.*, 90 F.4th 158, 169 (4th Cir. 2024) (quoting *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012)). In each of these respects, Plaintiff's proposed Amended Complaint clearly falls short. It is not enough for Plaintiff to allege in conclusory fashion that she was subjected to disciplinary action and terminated "under circumstances giving rise to an inference of discrimination based on disability." Proposed Am. Compl. ¶ 26. Plaintiff must state facts describing those circumstances. The fact that the allegedly discriminatory discipline and termination came at some point after Plaintiff disclosed her disability to her supervisor and to HR does not, without more, support a reasonable inference disability discrimination. Plaintiff states that she received disciplinary actions based on false allegations, but does not state, for example, what made the allegations false, how closely the "increased scrutiny and adverse treatment" she suffered came after she disclosed her disability, or whether other employees without her disability

[4] Additionally, for purposes of a disability discrimination claim, the employer's challenged action must disadvantage the plaintiff in the terms and conditions of her employment. *See Herkert v. Bisignano*, 151 F.4th 157, 164-65 (4th Cir. 2025) (citing and discussing *Muldrow v. City of St. Louis, Mo.*, 601 U.S. 346, (2024)). A termination of employment clearly qualifies as a sufficiently adverse employment action to support a discrimination claim, if the termination was based on the employee's disability. But, without more facts, it is less than clear whether the "increased scrutiny[,] "adverse treatment[,]" and "written warning" Plaintiff claims she received after discussing her disability with HR, Proposed Am. Compl. ¶¶ 14–15, adversely affected the terms and conditions of her employment. Any discrimination claim based on these actions would require more facts to show "some disadvantageous change in an employment term or condition." *Herkert*, 151 F.4th at 164 (quoting *Muldrow*, 601 U.S. at 354).

received different treatment under similar circumstances. Proposed Am. Compl. ¶¶ 14, 15. Plaintiff suggests that "other employees . . . were not subjected to similar discipline[,]" *id.* ¶ 16, but she does not allege that these other employees were outside her protected class or "a plausible basis for believing [comparators] were actually similarly situated[,]" *Coleman*, 626 F.3d at 191.

In sum, the allegations in Plaintiff's proposed Amended Complaint are clearly insufficient to support plausible claims under the ADA for disability discrimination and failure to accommodate. *See, e.g.*, *Jacobs v. Walmart Inc.*, Civ. No. RDB-22-2666, 2023 WL 4532822, at *9 (D. Md. July 13, 2023) ("Nowhere does the Complaint outline [Plaintiff's] disability or qualifications for her role, explain her need for leave as a reasonable accommodation, attest to her job performance, or detail how the circumstances surrounding her termination might give rise to a reasonable inference of discrimination."); *Rubino*, 44 F. Supp. 3d at 622-23 (dismissing failure-to-accommodate claim). Therefore, the Court finds these proposed amended claims to be futile.

The proposed Amended Complaint is also clearly insufficient to state a plausible retaliation claim under the ADA. As explained in Part II.B *supra*, a plausible ADA retaliation claim generally requires a plaintiff to allege "(1) that they engaged in protected conduct, (2) that they suffered an adverse action, and (3) that a causal link exists between the protected conduct and the adverse action." *Soc'y Without A Name*, 655 F.3d at 350 (citing *Rhoads v. F.D.I.C.*, 257 F.3d 373, 392 (4th Cir. 2001)). Protected activity under the ADA includes "requesting accommodations for [one's] disability," *Smith v. CSRA*, 12 F.4th 396, 415 (4th Cir. 2021), and internal complaints of disability-based discrimination and retaliation, *Walker*, 2020 WL 6393435, at *5. In her proposed Amended Complaint, Plaintiff alleges that she discussed "her disability and her related needs" with HR, Proposed Am. Compl. ¶ 13, but it is not entirely clear that these discussions included a request for accommodation. Plaintiff also alleges that, after receiving a written warning based on false

allegations, she "raised concerns regarding workplace conduct and identified comparable actions by other employees who were not subjected to similar discipline[,]" Proposed Am. Compl. ¶ 16, but, again, it is less than clear that these unspecified "concerns" included concerns about *disability-based* discrimination or retaliation.

Still, even assuming that Plaintiff's discussions with HR and internal complaints were ADA-protected activities, Plaintiff again fails to present facts sufficient to support a "causal link" between these protected activities and subsequent adverse actions by her employer. *Soc'y Without A Name*, 655 F.3d at 350 (citation omitted). A plaintiff can plead a causal connection sufficient for a retaliation claim in at least two ways: (1) by presenting facts to suggest that "the adverse action occurred because of the protected activity"; or (2) by presenting facts to suggest that "the adverse act bears sufficient temporal proximity to the protected activity." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 115, 123 (4th Cir. 2021) (citation omitted). "Temporal proximity between an employer's knowledge of protected activity and an adverse employment action" may establish causation only if it is "very close." *Laurent-Workman*, 54 F.4th at 209 (quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, (2001)) (cleaned up). Plaintiff's proposed Amended Complaint does neither. To be sure, there is no "bright-line rule" for when temporal proximity helps or hurts a cause of action for retaliation, *Roberts*, 998 F.3d at 126-27, but even a two-month temporal gap has been found to be "sufficiently long so as to weaken significantly the inference of causation between the two events," *King v. Rumsfeld*, 328 F.3d 145, 151 n.5 (4th Cir. 2003). Plaintiff alleges that certain adverse actions, including discipline and termination, occurred after she allegedly engaged in protected activities, but she does not describe how close in time her

termination or any other adverse action came after any protected activity. Without such allegations, Plaintiff's retaliation claim clearly falls short.[5]

While it is true that a civil complaint need not be exhaustive in detail, *see Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 403 (4th Cir. 2014), and a self-represented plaintiff's pleading must be construed liberally, *Trazell v. Arlington Cnty.*, 811 F. App'x 857, 858 (4th Cir. 2020), every civil complaint requires sufficient facts to support a reasonable inference that the plaintiff "is entitled to relief[,]" *View Point Med. Sys., LLC v. Athena Health, Inc.*, 9 F. Supp. 3d 588, 596 (D. Md. 2014) (quoting *Iqbal*, 556 U.S. at 679). Because Plaintiff's proposed Amended Complaint clearly fails to meet the plausibility standard with respect to each of her ADA claims, her motion for leave to amend must be denied.

However, now that the Court has explained the pleading standards that apply to her claims, Plaintiff will be given a final opportunity to present her claims. The Court will set a deadline for any renewed motion for leave to amend, which shall attach a copy of the proposed amended pleading. Plaintiff should note that any amended complaint will replace the Complaint she previously filed. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in

---

[5] Additionally, to support a retaliation claim, the employer's adverse action must be "materially adverse"—that is, sufficiently adverse to dissuade a reasonable employee from engaging in activities protected by the statute. *See Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2005). "[A] termination qualifies as a materially adverse action." *Gagnon v. Bd. of Educ. of Montgomery Cnty.*, Civ. No. TDC-23-2359, 2026 WL 1584459, at *8 (D. Md. June 3, 2026) (citing *King*, 328 F.3d at 151). But, without more facts, it not clear whether the "increased scrutiny[,] "adverse treatment[,]" and "written warning" Plaintiff claims she received after discussing her disability with HR, Proposed Am. Compl. ¶¶ 14–15, were "materially adverse" for purposes of a retaliation claim. *See, e.g.*, *King v. Inova Health Care Servs.*, No. 1:19-CV-31, 2020 WL 2108728, at *16 (E.D. Va. May 1, 2020) ("It is far from clear that a written reprimand . . . would constitute materially adverse action if it had no effect on an employee's position, pay, or benefits."); *id.* at n.35 (citing cases).

amended complaint). Accordingly, Plaintiff must include all allegations against each Defendant necessary to state plausible claims, so that her amended pleading stands alone as the sole complaint in this case.

## III. ORDER

For the reasons stated herein, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendants' second Motion to Dismiss (ECF No. 17) is DENIED as moot;
2. Defendants' third Motion to Dismiss (ECF No. 25) is GRANTED;
3. The Complaint (ECF No. 1) is DISMISSED without prejudice;
4. Plaintiff's Motion for Leave to Amend (ECF No. 28) is DENIED without prejudice;
5. Plaintiff SHALL FILE with the Court and SHALL SERVE on each Defendant any renewed motion for leave to amend no later than **September 23, 2026**;
6. Plaintiff is warned that if she fails to file and serve a renewed motion for leave to amend by the deadline set herein, this case may be closed without further notice; and
7. The Clerk SHALL SEND a copy of this Order to the plaintiff and counsel for the defendant.

It is SO ORDERED this 1st day of September, 2026.

/S/
Matthew J. Maddox
United States District Judge